VIRGINIA: IN THE CIRCUIT COURT OF THE WILLIAMSBURG

N. K., A MINOR, by
His mother and next friend, SHUKRIYYAH PAYNE,

    Plaintiff,

v.                                    CIVIL DOCKET NO. CL19- 1192
                                      PLAINTIFF DEMANDS JURY TRIAL

PUMA NORTH AMERICA, INC.
SERVE:    CT CORPORATION SYSTEM, REGISTERED AGENT
               4701 COX ROAD, STE. 301
               GLEN ALLEN, VIRGINIA 23060

AND
PUMA GROUP, LLC AND
SIMON PROPERTY GROUP, L.P.

## COMPLAINT

NOW COME(S) the plaintiff, N.K, a minor, by his mother and next friend, Shukriyyah Payne, by counsel, and move(s) the Circuit Court of the City of Williamsburg for a judgment and award of execution against the defendants, Puma North America, Inc., and Puma Group, LLC and Simon Property Group, L.P., jointly and severally in the amount of Seventy-Four Thousand Dollars ($74,000.00), for this, to-wit:

1. Defendant, PUMA NORTH AMERICA, INC. (hereinafter referred to as ("PUMA") is a foreign corporation with authority through the Virginia State Corporation Commission to transact business within the State of Virginia, having a place of business at 5645 Richmond Road, Ste. 120, Williamsburg, VA 23188, where it owns and operates a retail store.

2. Defendant, PUMA GROUP, LLC, is a foreign corporation with authority


EXHIBIT 1

through the Virginia State Corporation Commission to transact business within the State of Virginia, having a place of business at 5645 Richmond Road, Ste. 120, Williamsburg, VA 23188, where it owns and operates a retail store.

3. Defendant, SIMON PROPERTY GROUP, L.P., is a foreign corporation with authority through the Virginia State Corporation Commission to transact business within the State of Virginia, having a place of business at 5645 Richmond Road, Ste. 120, Williamsburg, VA 23188.

4. On or about April 2, 2015, the Plaintiff, N.K., who was then two years and two months old, accompanied by his mother, SHUKRIYYAH PAYNE, to the Defendant's store in Williamsburg, Virginia to shop.

5. The Defendant, its agents, servants, and/or employees acting within the scope and course of their employment, displayed some of its merchandise (in this case, athletic shoes), in a display case near the checkout counter in an area by which customers were likely to pass and by which it was necessary to stand in order to present merchandise to the cashiers and to pay for merchandise.

6. The display case was not properly secured to the counter.

7. The Defendant, its agents, servants, and or/ employees were negligent in setting up this display case in securing the display case, and in inspecting the security of the display case, as a result of which they had created a foreseeably unsafe and dangerous condition because the display case was likely to be touched, leaned against, or otherwise physically contacted by customers, and/or employees; and that upon such physical contact, it was forseeable that the display case with the merchandise in it would likely topple over.

8. As the owner and operator of said store, a place of business to which the general

public is invited, Defendant, its agent, servants and employees had a duty to maintain the premises in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects or unsafe condition existed; and to warn the public of any such latent defects or unsafe condition, known to it. Or its agents, servants and employees.

9. Notwithstanding said duty, Defendant, its agents and employees negligently created the unsafe condition as described above, although the Defendant, its agents and employees, knew, or in the exercise of reasonable care should have known, that an unsafe condition existed.

10. Notwithstanding said duty, Defendant, its agents and employees knew, or in the exercise of reasonable care should have known that they had created an unsafe condition as described above about which they knew, but about which their customers were unlikely to know, yet the Defendant, its agents and employees, failed to warn customers, including the Plaintiff, or the unsafe condition.

11. After selecting some merchandise Plaintiff's mother proceeded to the checkout counter where the display case was located in order to pay for her merchandise.

12. Plaintiff accompanied his mother to the checkout area and came in contact with the display case which then toppled over, striking him with great force.

13. As a direct and proximate result of the negligence of the Defendant, its agents, servants, and employees, as described above, the Plaintiff, N.K., was caused to suffer severe, painful and permanent injuries and continues to suffer severe physical pain and mental anguish.

14. As a direct and proximate result of the negligence described above, Plaintiff has been forced to incur substantial medical and hospital bills in an effort to be cured of his injuries.

**WHEREFORE**, plaintiff demands a judgment and award of execution jointly and

severally against the defendants PUMA NORTH AMERICA, INC., PUMA GROUP, LLC & SIMON PROPERTY GROUP, L.P. in the amount of **SEVENTY-FOUR THOUSAND DOLLARS ($74,000.00)**, together with interest thereon from April 2, 2015 and the costs in this cause incurred.

                                            N.K., a minor, by his mother and next friend, Shukriyyah Payne

By _____
             Of counsel

Manolita A. Holadia, Esquire
Joynes & Gaidies
502 Viking Drive, Ste. 201
Virginia Beach, Virginia 23454
Telephone: (757) 486-3000
Facsimile: (757) 486-4732